UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN D. NELLIST,<br><br>    Plaintiff,<br><br>    v.<br><br>INDIANA DEPT OF CORRECTIONS, et al.,<br><br>    Defendants. | CAUSE NO. 3:22-CV-921-JD-JEM |

OPINION AND ORDER

John D. Nellist, a prisoner without a lawyer, filed an amended complaint. ECF 22. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Nellist is suing seven separate defendants: Warden William Hyatte, Deputy Warden George Payne, Grievance Specialist Michael Gapski, Grievance Specialist Shawna Morson, Grievance Supervisor Tracy Riggle, Nurse Practitioner Kim Myer,[1]

---

[1] Nellist refers to both Kim Myer and Kim Myers in his amended complaint. For purposes of this order, the court will use the spelling that Nellist used when listing the defendants' names in his complaint: Kim Myer.

and "Bivens"[2] unknown officers of the Indiana Department of Correction.

Nellist alleges that, on March 5, 2019, he saw a dentist who directed him to follow up to replace a lost filling. ECF 22 at 3. Warden Hyatte and Deputy Warden Payne, however, had placed the facility on lockdown. The follow up appointment was cancelled. Nellist does not indicate who cancelled the appointment. Over the next two months, the appointment was repeatedly rescheduled but then cancelled due to the lockdown. Again, Nellist does not indicate who cancelled the appointments. The tooth continued to disintegrate. He was provided with only fifteen days' worth of ibuprofen during this time. Nellist does not allege that he requested additional pain medication during this time, and he does not link his assertion that the pain medication was inadequate to any defendant named in this action. It is unclear if or when Nellist received the necessary dental care.

Nellist developed a mass under his left jaw. In June 2020, Nurse Practitioner Kim Myer saw him for the mass, which had grown to the size of a small orange. It is unclear if Nellist believes this mass was caused by the delay in receiving dental care. Nurse Practitioner Myer had Nellist placed in a quarantine unit even though she did not suspect he had COVID-19 because she had difficulty gaining access to patients in general population due to the lockdown. She ordered intravenous antibiotics to be administered to Nellist three times a day for fourteen days. The treatments were to be

---

[2] "In *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 394 (1971)] the Supreme Court recognized an implied cause of action for damages against federal officers to redress a constitutional violation." *Engel v. Buchan*, 710 F.3d 698, 703 (7th Cir. 2013). It is unclear why Nellist has referenced *Bivens* in his amended complaint, as it does not appear to involve any federal officers.

given in another building, and the facility was on a modified lockdown status that required that all offenders be escorted by staff. Due to the lockdown, Nellist was never able to receive three treatments in a day. At most, he received two treatments in a day, and never two days in a row. Nurse Practitioner Myer discontinued treatment because so many doses had been missed. It is unclear when Nurse Practitioner Myer learned that Nellist was not receiving the treatments she had ordered, but at this stage of the proceedings, giving Nellist the benefit of the inferences to which he is entitled, he has stated a claim.[3]

In March 2021, Nellist developed a neoplasm in the same area and Nurse Practitioner Myer prescribed the same treatment. Again, a lockdown prevented Nellist from receiving the correct number of treatments, and the treatment plan was discontinued. Nellist faults Nurse Practitioner Myer for not contacting a supervisor and initiating an internal investigation when she learned her orders were not being followed. Nellist is not entitled to an investigation of those he alleges engaged in wrongful conduct. *Lee v. Kennedy*, No. 19-CV-1277, 2019 WL 5196372, at *1 (C.D. Ill. Oct. 15, 2019) ("Further, Plaintiff does not have a freestanding constitutional right to the investigation into another's alleged wrongful activity.") (citing *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015)). To the extent the IDOC's policy may have required Nurse Practitioner Myer to report the problem, that likewise does not state a claim. *See*

---

[3] Nellist alleges that this claim is timely because it is part of a continuing violation. It is unclear that the continuing violation theory applies, but for purposes of this order, this court will give Nellist the benefit of the doubt and assume it applies.

*Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). However, Nellist may proceed against Nurse Practitioner Myer for deliberate indifference to his serious medical needs by failing to secure necessary medical care despite the lockdown.

Nellist is suing Warden Hyatte and Deputy Warden Payne for developing and enforcing lockdown policies that resulted in the denial of necessary medical services. Nellist does not allege that Warden Hyatte or Assistant Warden Payne had any knowledge that he was not receiving medically necessary treatments as ordered. It has already been explained to Nellist that there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). There are not factual allegations in the amended complaint from which it can be plausibly inferred that Warden Hyatte or Assistant Warden Payne facilitated, approved, condoned, or turned a blind eye to any violation of Nellist's constitutional rights. Therefore, Nellist may not proceed against Warden Hyatte or Assistant Warden Payne on this claim.

He is also suing Grievance Specialist Michael Gapski, Grievance Specialist Shawna Morson, and Grievance Supervisory Tracy Riggle. He claims that Gapski required more from inmates than the grievance policy required, resulting in frustration

4

for inmates attempting to exhaust their administrative remedies. He also asserts that Warden Hyatte and Deputy Warden Payne knew and approved of Gapski's requiring steps outside of those required by the grievance policy. Nellist claims that Shawna Morson wrongly refused to log one of his grievances about his medical care, insisting that he provide more information. Nellist speculates that, if he had not been required to provide more information than the grievance policy requires, his grievance may have proceeded to the next step and he may have received the medical care he needed. Nellist faults Grievance Supervisor Tracy Riggle for defending the allegedly wrongful actions of her staff. Nellist, however, has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). As already explained (ECF 19 at 5), Nellist did not need access to the grievance system to file his complaint if the grievance system was made unavailable to him; he was only required to exhaust administrative remedies that were available to him. *See Woodford v. Ngo*, 548 U.S. 81, 102 (2006). Therefore, he cannot proceed against Grievance Specialist Gapski, Grievance Specialist Morson, or Grievance Supervisor Riggle on this theory. Likewise, he cannot proceed against Warden Hyatte and Deputy Warden Payne for allegedly knowing and approving of Grievance Counselor Gapski's actions.

Finally, Nellist is suing the unknown officers who failed to transport him to receive the intravenous antibiotics ordered by Nurse Practitioner Myer in June 2020 and March 2021. He has no idea who was responsible for bringing him to the medical

5

appointment and his understanding is that no particular officer was assigned this duty. Suits filed under § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Nellist, however, made no effort to name these officers as defendants during the two-year period following the last incident in March 2021. He first named them as defendants in December 2023, which was far too late, even if (as Nellist contendes) their actions were part of a continuing violation that began months earlier.

For these reasons, the court:

(1) GRANTS John D. Nellist leave to proceed against Nurse Practitioner Kim Myer in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs in approximately March 2019 and June 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden William Hyatte, Deputy Warden George Payne, Grievance Specialist Michael Gapski, Grievance Specialist Shawna Morson, Grievance Supervisor Tracy Riggle, and "Bivens" unknown officers of the Indiana Department of Correction;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Practitioner Kim Myer at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 22);

(5) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Practitioner Kim Myer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 19, 2024

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COU,RT