UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN D. NELLIST,

    Plaintiff,

    v.   CAUSE NO. 3:22-CV-921-JD-JEM

KIM MEYER, et al.,

    Defendants.

OPINION AND ORDER

John D. Nellist, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding against Nurse Practitioner Kim Myers "in her individual capacity for compensatory and punitive damages for deliberate indifference to his serious medical needs in approximately June 2020 and March 2021, in violation of the Eighth Amendment[.]" ECF 44 at 4. Second, he is proceeding "against the unknown officers in their individual capacities for compensatory and punitive damages for deliberate indifference to his serious medical needs in approximately June 2020 and March 2021, when, knowing of Nellist's serious medical need for treatment, they were tasked with the responsibility of transporting Nellist to receive intravenous antibiotics ordered by Nurse Practitioner [Myers] and failed to do so, in violation of the Eighth Amendment[.]" *Id.* Nurse Myers filed a motion for summary judgment, arguing Nellist didn't exhaust his available administrative remedies before filing this lawsuit. ECF 38.[1]

---

[1] The remaining defendants have not moved for summary judgment.

Nellist filed a response, and Nurse Myers filed a reply. ECF 42, 43. Nurse Myers' summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozzo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Nurse Myers provides an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), who attests to the following facts: At all relevant times, an Offender Grievance Process was in place at MCF and available to Nellist. ECF 40-2 at 2. To fully exhaust a grievance, Nellist needed to complete three steps: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* Nellist filed several grievances at MCF related to

3

the medical care he was receiving at the facility. *Id.* at 3. However, Nellist never appealed any of the grievance office's responses to his grievances. *Id.*[2]

In his response, Nellist concedes he never fully exhausted any relevant grievance at MCF. ECF 42. The court therefore accepts that as undisputed. Instead, Nellist argues his administrative remedies were unavailable because he submitted a relevant grievance on June 5, 2020, which was disregarded by the grievance office. *Id.*

Specifically, Nellist argues and provides evidence showing the following facts: On June 5, 2020, Nellist submitted a grievance complaining he was receiving inadequate medical care at MCF and regularly missing doses of his medication which he needed to treat an "ongoing and possibly life threatening infection" ("June 5 grievance"). ECF 42 at 1; ECF 42-1 at 1. On June 17, 2020, the grievance office returned Nellist's June 5 grievance and asked him to explain "Which doses were missed? Which dates?" ECF 42 at 1; ECF 42-1 at 3. Nellist responded that his medical records had a complete log of his missed doses, and authorized the Grievance Specialist to access his medical records. *Id.* On July 21, 2020, the grievance office returned Nellist's June 5 grievance as untimely. ECF 42 at 1-2; ECF 42-1 at 2. The "Return of Grievance" form did not explain why the grievance was untimely. ECF 42-1 at 2. Nellist explained to the Grievance Specialist that the grievance had been timely filed and went "back and forth" with the Grievance Specialist for over three months in an attempt to get the grievance logged, but was unsuccessful. ECF 42 at 2; ECF 42-1 at 2. He ended up submitting a new "parallel"

---

[2] Nurse Myers provides Nellist's "History of Grievances" (ECF 40-1), but doesn't provide copies of the grievances he filed or the grievance office's responses to those grievances.

4

grievance which was accepted, but he never received any response or appeal form from the grievance office for this grievance. ECF 42 at 2.

Here, the undisputed facts show the grievance office made Nellist's administrative remedies unavailable by improperly rejecting his June 5 grievance. *See Dole*, 438 F.3d at 809. Specifically, Nellist provides evidence the grievance office returned his June 5 grievance to request more information, and then rejected the grievance as untimely without any further explanation. It's unclear from the record why the June 5 grievance was rejected as untimely, as it complained of the denial of treatment for an "ongoing" infection. *See* ECF 42-1 at 1; *Weiss v. Barribeau*, 853 F.3d 873, 874 (7th Cir. 2017) (determining that an examiner had failed to explain why a grievance was untimely where the grievance complained of an ongoing injury); *Ramirez v. Fahim*, No. 12-cv-1197-MJR-SCW, 2013 WL 12181943, at *3 (S.D. Ill. Dec. 20, 2013) (concluding a plaintiff's grievance was not untimely because the plaintiff could begin the grievance process at any time that a denial of medical care was ongoing). In her reply, Nurse Myers doesn't dispute this evidence or provide any evidence the June 5 grievance was properly rejected as untimely. ECF 43 at 1-2. Therefore, because the undisputed facts show the grievance office made Nellist's administrative remedies unavailable by improperly rejecting his June 5 grievance, Nurse Myers hasn't met her burden to show Nellist had available administrative burdens he didn't exhaust before filing this lawsuit. For these reasons, Nurse Myers' motion for summary judgment (ECF 38) is DENIED, and John D. Nellist's motion seeking a ruling on the summary judgment (ECF 60) is DENIED AS MOOT.

SO ORDERED on January 21, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT