UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN D. NELLIST,

Plaintiff,

v.                                              CAUSE NO. 3:22-CV-921-JD-JEM

KIM MEYER, et al.,

Defendants.

OPINION AND ORDER

John D. Nellist, without the benefit of counsel, filed a second amended

complaint. ECF 95. "A document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the

court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

Relevant Background

Before considering the second amended complaint, some background about this

case is necessary. Nellist's initial complaint had several deficiencies, and he was granted

an opportunity to amend to address them. ECF 1; ECF 19. He filed an amended

complaint on December 6, 2023. ECF 22. Upon screening, the court allowed Nellist to

proceed on a claim against Nurse Practitioner Kim Myer for deliberate indifference to his serious medical needs in approximately March 2019 and June 2020, in violation of the Eighth Amendment. ECF 23. Nellist sought reconsideration, and his request was granted in part. ECF 33; ECF 44. Nellist was allowed to proceed: (1) against Nurse Practitioner Kim Myer for deliberate indifference to his serious medical needs in approximately June 2020 and March 2021, in violation of the Eighth Amendment;[1] and (2) against the unknown officers in their individual capacities for deliberate indifference to his serious medical needs in approximately June 2020 and March 2021, when, knowing of Nellist's serious medical need for treatment, they were tasked with the responsibility of transporting Nellist to receive intravenous antibiotics ordered by Nurse Practitioner Myer and failed to do so, in violation of the Eighth Amendment. ECF 44. The warden was added in his official capacity for the purpose of identifying the unknown officers. *Id.*

The warden was granted until August 30, 2024, to identify the names of individuals tasked with transporting Nellist to receive intravenous antibiotics in June 2020 and March 2021. ECF 44. The court directed the clerk to send Nellist a copy of his amended complaint (ECF 22), granted Nellist until September 30, 2024, "to amend that amended complaint to name the previously unknown officers by crossing out the unknown names and replacing them with the new ones." ECF 44 at 5-6.

---

[1] The dates of the alleged violations were corrected on the court's initiative, after noticing a typographical error in the earlier screening order. *See* ECF 44 n. 2.

At the warden's request, the deadline to provide information regarding the unknown officers was extended. ECF 48; ECF 49. The deadline for Nellist to amend his complaint was likewise extended. *Id.*

On September 30, 2024, the warden responded by providing some information regarding the potential unknown officers. ECF 55. Nellist objected. ECF 56. The court ordered the warden to supplement his response. ECF 69. On March 13, 2025, the warden provided the required supplement. ECF 78. Nellist again objected. ECF 79. After considering responses from both Kim Myer and the warden, the court required a further supplement. ECF 83; ECF 84; ECF 85. The warden's second supplemental notice was filed on July 11, 2025. ECF 90. The deadline to amend the pleadings was August 6, 2025 (ECF 85), so Nellist sought an extension of time to amend, which was granted. ECF 91; ECF 92. The deadline was extended to October 6, 2025. Nellist filed his amended complaint on October 7, 2025. ECF 95 at 26.

Nellist's Amended Complaint

As an initial matter, the court notes that Nellist's amended complaint does not utilize either this court's Prisoner Complaint or Pro Se Civil Complaint forms. Under N.D. Ind. L.R. 7-6, this court requires pro se litigants to utilize either the Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form or the Civil Complaint (INND Rev. 4/24) form. Furthermore, Nellist is familiar with this court's Prisoner Complaint form; he used it when he filed both his original complaint (ECF 1) and his amended complaint (ECF 22). Using the court's form helps ensure that all relevant information is provided

3

and allows the court to more efficiently address a plaintiff's claims. Under normal circumstances, the court would require that Nellist use this court's complaint form, but here the case has been pending far too long to make an issue of this.

As already noted, Nellist was allowed to amend – and the deadline was repeatedly extended – to permit him to name individuals whose identifies were previously unknown. Following this court's directive to simply write the names of the previously unknown defendants in on the copy of the amended complaint that was provided to Nellist for this purpose would have streamlined this process. Instead, Nellist filed a 27-page document naming defendants and asserting claims that this court has already rejected and identifying a whole new class of potential defendants whose names are unknown that he now wants to identify so he can amend yet again. The material facts, however, have not changed.

While housed at the Miami Correctional Facility ("MCF"), Nellist developed a mass on his neck. On March 26, 2020, Nurse Practitioner Kim Myers[2] saw him for the mass, which was the size of a golf ball and the color of a tomato. She ordered intravenous antibiotics to be administered to Nellist three times a day for ten days. Nurse Practitioner Myers had Nellist placed in the JHU dorm – a medical dorm - because she had difficulty gaining access to patients in general population due to lockdowns. But this unit was also on lockdown, and Nellist missed the first seven doses of the prescribed antibiotics. Nurse Practitioner Myers discontinued treatment because

---

[2] While the amended complaint (ECF 95) identifies the defendant as "Kim Meyer," it appears that the correct spelling of this defendant's last name is "Myers," and the court will use that spelling throughout the remainder of this order. *See* ECF 97.

so many doses had been missed. She instead prescribed an oral antibiotic. It is unclear when Nurse Practitioner Myers learned that Nellist was not receiving the treatments she had ordered, but at this stage of the proceedings, giving Nellist the benefit of the inferences to which he is entitled and consistent with this court's earlier finding, he has stated an Eighth Amendment deliberate indifference claim against her.

In March 2021, Nellist developed a neoplasm in the same area and Nurse Practitioner Myers prescribed the same treatment; a course of intravenous antibiotics to be given for ten days. Again, a lockdown prevented Nellist from receiving the correct number of treatments. He missed his second treatment on March 27, 2021, and he brought this to the attention of Nurse Practitioner Myers. He received all treatments for the next three days, but then the treatments ceased, and the treatment plan was discontinued. Consistent with this court's earlier screening order, Nellist may proceed against Nurse Practitioner Myers for being deliberately indifferent to his serious medical needs by failing to secure necessary medical care despite the lockdown.

Next the court considers Nellist's allegations against the officers who allegedly failed to transport him to the medical department to receive intravenous antibiotics ordered by Nurse Practitioner Myers in June 2020 and March 2021. In the November 19, 2024, screening order (ECF 23), Nellist was not allowed to proceed on this claim because the court found that these allegations were not asserted until December 2023, and they were therefore barred by Indiana's two year status of limitation. ECF 23 at 5-6. On reconsideration, the court found that Nellist had raised non-frivolous arguments for possible equitable tolling, and that the issue of whether the claims were timely would

be best addressed at a later stage of the case. ECF 44 at 2. Strangely, Nellist does not list any individual identified by the warden as possibly responsible for transporting him to receive medical treatments in the section of his complaint labeled parties. ECF 95 at 3-6. Nonetheless, the whole point of allowing Nellist to amend was so he could name these individuals, and he does name them in the body of the amended complaint, listing them under each date when he alleges that he did not receive intravenous antibiotics as ordered. The court has already determined that Nellist has stated a claim against these individuals, and he will therefore be permitted to proceed against each officer identified in his amended complaint as someone knowing of his need for transport and responsible for failing to transport him to the medical department to receive treatment as ordered.[3]

Nellist also lists "Unknown Wexford Medical Officers" as a defendant. Nellist explains that he now wants to sue nurses who allegedly knew and were complicit in Nellist being denied medical treatment. Nellist explains that he did not receive complete copies of his medical records until September 24, 2025, and that, when viewing them, he discovered that there are thirty-three "medication administration records" that are signed by nursing staff. He wants an opportunity to identify the individuals who signed these thirty-three forms and amend yet again to add them as defendants to this action.

---

[3] Nellist alleges that fifty-one separate officers knew of his need to be transported for necessary medical treatment and failed to do so. While these individuals' names will be included in the order lines, there is no reason to list each date and the associated defendants here.

At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When justice requires it, leave should be freely given. *Id.* "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Nurse Myers objects to the addition of "Unknown Wexford Medical Officers" (ECF 98), arguing both that "Unknown Wexford Medical Officers" is not an entity that can be sued and that it would be futile to allow such an amendment because the statute of limitations passed long ago. It is clear to the court that Nellist intended "Unknown Wexford Medical Officers" to serve the same purpose as naming a *Doe* defendant – as a placeholder, not an entity to be sued. But the statute of limitations does pose a problem. This court took a cautious approach in declining to dismiss Nellist's claims against the unknown officers who allegedly failed to escort him to the medical department for treatment, finding that the issue would be better addressed at a later stage of the proceedings. ECF 44 at 2. Here, however, Nellist asks the court to go a bridge too far.

This case is about things that happened in June 2020 and March 2021. Nellist's amended complaint filed on October 7, 2025, was his first indication he wanted to sue these individuals. Counting only from the March 2021, events, Nellist waited *four and a half years* to attempt to name them and still does not know their names.

He argues that he did not receive complete copies of his medical records until September 25, 2025, despite seeking these documents seven months earlier. But Nellist could have requested copies of his own medical records even prior to when he first initiated this case on November 1, 2022. ECF 1. Furthermore, Nellist's filings establish that he knew other members of the medical staff were aware that he was not getting his treatments, but he made no attempt to identify those individuals as defendants or potential defendants whose names needed to be identified. ECFF 95 at 9 ("Every morning, afternoon and evening medical staff come to the housing units to deliver medications such as insulin and other injection medications or medications that offenders are not allowed to possess. During these 'med passes' the plaintiff notified the medical personnel that he was not receiving his treatments."). Not knowing the names of those individuals would not have stopped Nellist from asserting claims against them any more than not knowing the names of the custody staff responsible for transporting Nellist stopped him from naming them as defendants. Because any further amendment to add additional parties would be barred by Indiana's two-year status of limitations, it would be futile to allow Nellist to pursue the identifies of additional medical staff or amend to add them now.[4]

Similarly, Nellist asserts additional claims against two of the officers he has been granted leave to proceed against on his claim that they were deliberately indifferent to

---

[4] Additionally, the court notes that the deadline to amend the pleadings has passed (ECF 92), and Nellist would need to show both good cause and excusable neglect to extend that deadline. *See* Fed. R. Civ. P. 6(b)(1)(B).

his medical needs by failing to transfer him to the medical department to receive intravenous antibiotics. He is suing Officer Rood because he lost Nellist's property when moving Nellist to the medical dorm in June 2020 and did not provide him with adequate bedding following the transfer. He is also suing Officer Netrauer for disregarding his safety by announcing that the unit was on lockdown because of Nellist, which Nellist believes resulted in an assault by another inmate. These claims suffer from the same statute of limitations problems as Nellist's attempt to add additional medical defendants: he did not name these individuals as defendants in the earlier complaints and is raising these claims against them for the first time four and a half years after the events occurred.[5]

In the amended complaint, Nellist has also renewed his allegations against both Warden William Hyatte and Deputy Warden George Payne, Jr. In screening Nellist's earlier complaint, the court made the following finding:

> Nellist is suing Warden Hyatte and Deputy Warden Payne for developing and enforcing lockdown policies that resulted in the denial of necessary medical services. Nellist does not allege that Warden Hyatte or Assistant Warden Payne had any knowledge that he was not receiving medically necessary treatments as ordered. It has already been explained to Nellist that there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). There are not factual allegations in the amended complaint from which it can be plausibly inferred that Warden Hyatte or Assistant Warden Payne facilitated, approved, condoned, or turned a blind eye to

---

[5] Nellist notes that he mentioned these facts in earlier filings, but mentioning the factual allegations is not the same thing as naming someone as a party and stating a claim against them based on those facts. The court was willing to defer the determination regarding statute of limitations as to the officers who were responsible for transporting Nellist because he explicitly indicated he was suing these individuals and because the court was assisting Nellist in identifying these individuals – a long and difficult process. These new claims were simply not asserted until October 7, 2025, and are therefore time-barred.

any violation of Nellist's constitutional rights. Therefore, Nellist may not proceed against Warden Hyatte or Assistant Warden Payne on this claim.

ECF 23 at 4. Nellist sought reconsideration of the court's screening order as to Warden

Hyatte and the court remained unconvinced.

Nellist argues that Warden Hyatte should be held liable because his policy regarding lockdown caused Nellist to be denied constitutionally adequate medical care. According to the amended complaint, under the lockdown policy, inmates needed to be escorted to their medical appointments by an officer. A policy that requires escorts to medical appointments does not, on its face, preclude inmates from getting necessary medical care. He further argues that the lockdown policy resulted in a systemic failure to deliver adequate medical care and Warden Hyatte would have known of the failure. The amended complaint, however, does not allege facts from which it can be plausibly inferred that Warden Hyatte was aware that the lockdown policy resulted in widespread failure to deliver necessary medical care. Nellist references only his own experiences with inadequate medical care. It cannot be plausibly inferred from the factual allegations in Nellist's amended complaint that the policy (as opposed to the decisions of individual members of the medical or custody staff) caused Nellist's constitutional rights to be violated.

ECF 44 at 3-4. There are not additional factual allegations in the amended complaint

concerning Warden Hyatte or Deputy Warden Payne that warrant a different outcome

here.

Finally, this case was stayed pending screening (ECF 101) and that stay can now

be lifted. Additionally, the deadline for filing dispositive motions will be vacated while

the newly identified officers are served and file their responsive pleadings. However,

the court notes that Myers has been litigating this case for nearly two years now, and

nothing prevents her from filing a summary judgment on the merits at this juncture.

For these reasons, the court:

(1) GRANTS John D. Nellist leave to proceed against Nurse Practitioner Kim

Myers in her individual capacity for compensatory and punitive damages for being

10

deliberately indifferent to his serious medical needs in approximately June 2020 and

March 2021, in violation of the Eighth Amendment;

(2) GRANTS John D. Nellist leave to proceed against the following officers in

their individual capacities for compensatory and punitive damages for being

deliberately indifferent to his serious medical needs on the dates listed below, when,

knowing of Nellist's serious medical need for treatment, they were tasked with the

responsibility of transporting Nellist to receive intravenous antibiotics ordered by

Nurse Practitioner Myers and failed to do so, in violation of the Eighth Amendment.

(a) On June 1, 2020:
    Ofc. Corey McColly
    Ofc. Braydon Lowe
    OJT. Ofc. A. Miller
(b) On June 2, 2020:
    Ofc. Sgt. Stacy Hineman
    Sgt. Anthony Banks
    Ofc. Robert Rood
    Ofc. A. Miller
(c) On June 3, 2020:
    Ofc. Quinton Perrigen
    Ofc. Shane London
    Ofc. Katrina Mayes
    Ofc. Neal Butcher
(d) On June 4, 2020
    Ofc. Neal Butcher
    OJT Pratcher
    OJT Liechty
    Ofc. Carol Perkins
    Sgt. Kristin Woods
    Ofc. Briceton Anderson
(e) On June 5, 2020:
    Ofc. Stacy Hineman
    Ofc. Neal Butcher
    Lt. Sabrina Nettrouer
    Ofc. Robert Rood
    Ofc. Sonny Ornelas
    Ofc. Corey McColley
    Sgt. Kory Breaton
    Ofc. Shannon Evans
(f) On June 6, 2020:
    Ofc. Stacy Hineman
    Ofc. Kaban Clark
    Lt. Sabrina Nettrouer
    Ofc. Robert Rood

Ofc. Sonny Ornelas
Ofc. Zachary Bullock
Sgt. Kory Breaton
Ofc. Christopher Starks (also referred to as Ofc. Christopher Stark)
(g) On June 7, 2020:
Ofc. Stacy Hineman
Ofc. Kaban Clark
Lt. Sabrina Nettrouer
Ofc. Robert Rood
Ofc. Sonny Ornelas
Ofc. Corey McColley
Ofc. Jean Laurore
Sgt. Kory Breaton
(h) On June 8, 2020:
Ofc. Quinton Perrigen
Ofc. Adam Calloway
Ofc. Justin Engel
(i) On March 27, 2021:
Sgt. Christopher Kaylor
Ofc. Nicholas Zion
Sgt. Sonny Ornelas
Ofc. Marquis Benjamin
Ofc. Casey Hindman
(k) On March 31, 2021:
Sgt. Christopher Kaylor
Ofc. Jeff Griffin
Ofc. Jared Eakright
Sgt. Sonny Ornelas
Ofc. Marquis Benjamin
Ofc. Casey Hindman
Ofc. Mario Rodrigueez
Ofc. Christopher Stark
Ofc. Alberto Navarette
Sgt. Robert Bowman
Ofc. Terry Rumple
(l) On April 1 2021:
Sgt. Christopher Kaylor
Ofc. Jeff Griffin
Ofc. Jared Eakright
Sgt. Sonny Ornelas
Ofc. Marquis Benjamin
Ofc. Casey Hindman
Ofc. Alberto Navarette
Ofc. Christopher Stark
Sgt. Robert Bowman
Ofc. Terry Rumple
(m) On April 2, 2021:
Ofc. Aaron Bennett
Sgt. Teddy Rife
Sgt. Peter LaPointe
Ofc. Tristan Keller
Ofc. Kevin Coffin
Ofc. Ann Brant
Sgt. Anthony Lucky
Ofc. Maverick Rish
(n) On April 3, 2021:

12

     Sgt. Teddy Rife
     Ofc. Gregory Friend
     Sgt. Peter LaPointe
     Ofc. Tristan Keller
     Ofc. Ann Brant
     Ofc. Cami Anderson
     Sgt. Anthony Lucky
     Ofc. Madison Easley
(o) On April 5, 2021:
     Sgt. Christopher Kaylor
     Ofc. Jared Eakright
     Ofc. Marissa Robbins
     Sgt. Charles Calvert
     Ofc. Casey Hindman
     Ofc. Marquis Benjamin
     Ofc. Rochelle Halsey
     Ofc. Christopher Stark
     Ofc. Alberto Navarette
     Sgt. Angela Miller
     Ofc. Justin Shoffner

(3) DISMISSES Unknown Wexford Medical Officers, Warden William Hyatte, and Deputy Warden George Payne, Jr.;

(4) LIFTS the STAY (ECF 101) and VACATES the dispositive motion deadline, to be reset by separate order at a future date;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the following defendants at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 95):

  Ofc. Corey McColly (or McColley)
  Ofc. Braydon Lowe
  OJT. Ofc. A. Miller
  Ofc. Sgt. Stacy Hineman
  Sgt. Anthony Banks
  Ofc. Robert Rood
  Ofc. Quinton Perrigen
  Ofc. Shane London
  Ofc. Katrina Mayes
  Ofc. Neal Butcher
  OJT Pratcher
  OJT Liechty
  Ofc. Carol Perkins
  Sgt. Kristin Woods

Ofc. Briceton Anderson
Lt. Sabrina Nettrouer
Ofc. Sonny Ornelas
Sgt. Kory Breaton
Ofc. Shannon Evans
Ofc. Kaban Clark
Ofc. Zachary Bullock
Ofc. Christopher Starks (or Stark)
Ofc. Jean Laurore
Ofc. Adam Calloway
Ofc. Justin Engel
Sgt. Christopher Kaylor
Ofc. Nicholas Zion
Ofc. Marquis Benjamin
Ofc. Casey Hindman
Ofc. Jeff Griffin
Ofc. Jared Eakright
Ofc. Mario Rodrigueez
Ofc. Alberto Navarette
Sgt. Robert Bowman
Ofc. Terry Rumple
Ofc. Aaron Bennett
Sgt. Teddy Rife
Sgt. Peter LaPointe
Ofc. Tristan Keller
Ofc. Kevin Coffin
Ofc. Ann Brant
Sgt. Anthony Lucky
Ofc. Maverick Rish
Ofc. Gregory Friend
Ofc. Cami Anderson
Ofc. Madison Easley
Ofc. Marissa Robbins
Sgt. Charles Calvert
Ofc. Rochelle Halsey
Sgt. Angela Miller
Ofc. Justin Shoffner

(6) ORDERS John D. Nellist to file a notice clarifying whether the defendant identified as "OJT. Ofc. A. Miller" is the same individual identified as "Sgt. Angela Miller" by **May 11, 2026**;

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service, if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Practitioner Kim Myers, Ofc. Corey McColly (or McColley), Ofc. Braydon Lowe, OJT. Ofc. A. Miller, Ofc. Sgt. Stacy Hineman, Sgt. Anthony Banks, Ofc. Robert Rood, Ofc. Quinton Perrigen, Ofc. Shane London, Ofc. Katrina Mayes, Ofc. Neal Butcher, OJT Pratcher, OJT Liechty, Ofc. Carol Perkins, Sgt. Kristin Woods, Ofc. Briceton Anderson, Lt. Sabrina Nettrouer, Ofc. Sonny Ornelas, Sgt. Kory Breaton, Ofc. Shannon Evans, Ofc. Kaban Clark, Ofc. Zachary Bullock, Ofc. Christopher Starks (or Stark), Ofc. Jean Laurore, Ofc. Adam Calloway, Ofc. Justin Engel, Sgt. Christopher Kaylor, Ofc. Nicholas Zion, Ofc. Marquis Benjamin, Ofc. Casey Hindman, Ofc. Jeff Griffin, Ofc. Jared Eakright, Ofc. Mario Rodrigueez, Ofc. Alberto Navarette, Sgt. Robert Bowman, Ofc. Terry Rumple, Ofc. Aaron Bennett, Sgt. Teddy Rife, Sgt. Peter LaPointe, Ofc. Tristan Keller, Ofc. Kevin Coffin, Ofc. Ann Brant, Sgt. Anthony Lucky, Ofc. Maverick Rish, Ofc. Gregory Friend, Ofc. Cami Anderson, Ofc. Madison Easley, Ofc. Marissa Robbins, Sgt. Charles Calvert, Ofc. Rochelle Halsey, Sgt. Angela Miller, and Ofc. Justin Shoffner to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 30, 2026

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

15